# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| DR. RICHARD A. KAMINSKY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:08CV882 |
| | ) | |
| WAKE FOREST UNIVERSITY | ) | |
| BAPTIST MEDICAL CENTER, | ) | |
| DEPARTMENT OF PATHOLOGY, | ) | |
| DR. A. J. GARVIN, BETH A. | ) | |
| GIANOPULOS, DONNA H. | ) | |
| HAMILTON, and J. T. MOSER, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

This matter comes before the Court on several motions filed by the parties and now ripe for determination. For reasons set forth below, the Court **DENIES** Plaintiff's motion to expedite case management and for mediation (Docket No. 10); **RECOMMENDS** denial at this time of the motion to dismiss filed by Wake Forest University Baptist Medical Center ("WFUBMC") (Docket No. 11); **RECOMMENDS** granting of the motion to dismiss filed by Defendant Beth M. Gianopulos (Docket No. 13); **RECOMMENDS** denial of Plaintiff's motion for summary judgment (Docket No. 19); **DENIES** Plaintiff's motion to expedite (Docket No. 26); **DENIES** Plaintiff's motion to strike (Docket No. 27); **DENIES** Plaintiff's

motion for leave to file a sur-reply (Docket No. 28); **DENIES** Plaintiff's "combined" motion to strike (Docket No. 30); **DENIES** Plaintiff's motion to exceed page limitation (Docket No. 34); **DENIES** Plaintiff's motion to compel (Docket No. 36); **DENIES** Plaintiff's motion to strike (Docket No. 37); **STRIKES** Plaintiff's "post-argument letters" (Docket Nos. 38, 40, and 41); and **DENIES** Plaintiff's motion to expedite rulings (Docket No. 42). Further, on its own motion and for reasons set forth below, the Court **RECOMMENDS** dismissal of all claims against named Defendants Donna Hamilton and J.T. Moser.

## The Amended Complaint

Plaintiff Richard A. Kaminsky, who proceeds *pro se* and *in forma pauperis* in this action, filed an Amended Complaint on December 8, 2008. (Docket No. 3, Am. Complaint ("Am. Compl.") That document, by operation of Fed. R. Civ. P. 15(a)(1)(A), is Plaintiff's governing pleading in this action. The Court observes that the Amended Complaint is a rambling and disjointed document. It contains long passages of legal argument that are improper under Rule 8(a)(2), which mandates a "short and plain statement of the claim . . .."

The Amended Complaint contains both a "Causes of Action" section and a portion entitled "Claims." In narrative style under "Causes of Action," Plaintiff Kaminsky refers to "serial violations" by Defendant [sic] "concerning failure to hire and/or rehire due to discrimination against Plaintiff against record of having a disability, age and his religious beliefs of being able to obtain divorce while employed at a Christian medical center without work and/or career interference and/or interruption." (*Id*. at 2.) He claims retaliation in the

-2-

refusal of Defendant to rehire him due to his past and present filings with the EEOC. He claims that the "actions and negligence of the Defendant have been and remain malicious in nature." He asserts that "the violations against Plaintiff's civil rights while employed by Defendant, such as tortuous [sic] interference with contract, hostile work environment, malice and general employment discrimination are not time-barred as the Defendant is still discriminating against the Plaintiff . . . ." (*Id.* at 2-3.) Plaintiff claims that Defendant has violated Titles VI and VII of the Civil Rights Act of 1964, the Americans with Disabilities Act of 1990, and the Age Discrimination in Employment Act of 1967. Plaintiff's "Claims" portion of the Amended Complaint appears to present the same legal claims, with additional factual allegations. (*Id.* at 3-4.)

Plaintiff includes a "Background" statement. Therein he describes that he graduated from The University of Health Science College of Osteopathic Medicine in Kansas City, Missouri in 1998. He was matched through the National Resident Matching Program with Defendant's anatomic and clinical pathology residency program. While within Defendant's program, he also served as a Medical Examiner with the North Carolina State Bureau of Investigation. He alleges that after he successfully completed 24 months of his residency with WFUBMC a residency certificate was issued by Defendant. He then asserts that "Plaintiff was forced to transferred [sic] to a pathology residency program at Saint Louis University School of Medicine ("SLU") in July 2000." (*Id.* at 4.) He says that he completed a third year of pathology residency and successfully completed examinations that allowed

-3-

him to obtain full medical licensure throughout the United States. He states that he needs only eight months of pathology training and a surgical pathology fellowship for the credentialing year to be "board-eligible." (*Id*. at 5.)

Plaintiff Kaminsky states that as a result of "being displaced" by the Defendant's residency program, and having encountered other problems, he was "forced to obtain counseling from ("SLU") ("EAP") for hostility caused by hostile work environments [presumably at SLU] which led the Plaintiff to be forced to plead guilty to several misdemeanors that were charged him just to get out of jail because the bail was set at astronomically high amounts for minor, non-employment related, bogus charges by personnel work for or within that county court itself." (*Id*.) He states that "Plaintiff was never charged with a criminal charge or had a conviction before being displaced from the Defendant's pathology residency training program." (*Id*.) Plaintiff next asserts that Defendant tortuously [sic] interfered with Plaintiff's employment contract. There are few "match" positions for residents in pathology, causing a competitive environment. Plaintiff says that this leaves an employee "who is subjected to malice, very few alternatives." (*Id*. at 6.) He appears to assert that Defendant started him on a "downward spiral." He says that although Defendant has damaged him in these ways, "they are not legal reasons for failure to hire him now. . . ." (*Id*.) Plaintiff alleges that Defendant has failed to rehire him in its pathology residency program for discriminatory and retaliatory reasons.

Plaintiff further states in his "Background" allegations that his "cycle of problems" began with Defendant's unlawful employment practices that resulted in displacement from the pathology residency program. These problems followed him through defamatory letters-of-recommendation and word-of-mouth as both Defendant's pathology chairman, Dr. A.J. Garvin and SLU's pathology vice-chairman, Dr. Carole Vogler, "know each other through national pathology societies and committees." *(Id.* at 6-7.)

In his "Conclusion and Damages," Plaintiff states that Defendant's serial violations have damaged him over an eight-year period. He asks for damages to include: "damages to relationship of Plaintiff and his now fourteen-year-old daughter, loss of enjoyment of life, inconvenience, mental anguish, future pecuniary losses, compensatory damages, punitive damages, damages due to emotional pain and suffering, loss of wages front pay, loss of wages back pay, loss of benefits," and myriad other losses, along with attorney's fees incurred in this action.

### Non-Dispositive Motions

The Court will first address the non-dispositive motions before the Court, as they may be dealt with in summary fashion. The Court will address them according to the order set forth at the outset of this opinion.

Plaintiff's motion to expedite and for mediation. (Docket No. 10.)

The motion is **DENIED** in the discretion of the Court. The case will proceed through ordinary pretrial procedures. "Expedition" of the case is, in fact, hampered by Plaintiff's

filing of a vague amended complaint and repeated filing of motions that lack merit, as is shown below. The case is not one that is automatically selected for the court's mediation program, *see* LR83.9b(a), and the Court finds no reason for referral at this time.

Plaintiff's motion to expedite. (Docket No. 26.)

The motion is **DENIED** for reasons set forth immediately above.

Plaintiff's combined motion to strike reply briefs of Defendants Wake Forest University Baptist Medical Center and Beth M. Gianopulos. (Docket No. 27.)

The motion is **DENIED**. Plaintiff believes that the reply briefs filed by the Defendants, related to their motions to dismiss, were untimely. Plaintiff says that the briefs were filed within 15 days of his responses, but not within 10 days as required by LR7.3(h). The Court observes, however, that Plaintiff has failed to take into account the provisions of Fed. R. Civ. P. 6(a)(2). Under that rule, when the time period specified by any local rule is less than 11 days, intermediate Saturdays, Sundays, and legal holidays are not counted. The Court finds that, with proper calculation under Rule 6(a)(2), Defendants' replies were not tardy.

Plaintiff's motion for leave to file a sur-reply. (Docket No. 28.)

The motion is **DENIED** in the discretion of the Court. While Plaintiff characterizes the matters before the Court as of great complexity, the Court does not find that briefing beyond that permitted by the local rules is appropriate or necessary in this case.

<u>Plaintiff's corrected motion to strike Defendants' reply memoranda</u>. (Docket No. 30.)

The motion is **DENIED** for reasons set forth above with regard to Docket No. 27.

<u>Plaintiff's motion to exceed page limitation</u>. (Docket No. 34.)

The motion is **DENIED**, the Court finding that Plaintiff has no reasonable need for additional pages of briefing in support of his motion for summary judgment.

<u>Plaintiff's motion to compel answer from certain Defendants as to Plaintiff's motion for summary judgment</u>. (Docket No. 36.)

The motion is **DENIED**. In the first place, the Defendants are not required by the federal rules to answer Plaintiff's summary judgment motion. They may, as but one reason for non-response, maintain that they have not been properly served with process and therefore are not before the Court. Moreover, Defendants Wake Forest University Baptist Medical Center and Beth M. Gianopulos have, in fact, filed a response. *See* Docket No. 33.

<u>Plaintiff's motion to strike Defendants' summary judgment responses</u>. (Docket No. 37.)

The motion is **DENIED**. Plaintiff contends that the summary judgment responses of Defendants Wake Forest University Baptist Medical Center and Beth M. Gianopulos should be stricken as untimely. He calculates that they were filed two days late in violation of the 30-day period for responses established by LR7.3(f) and LR56.1(d). Once again, however, Plaintiff has not understood the rules for calculation of time under the federal and local rules. Local Rule 56.1(d) requires that responsive briefs be filed "within 30 days after service of the summary judgment motion and brief." In this case, the 30th day after service fell on

March 28, 2009, a Saturday.  Under Fed. R. Civ. P. 6(a)(3), if the last day of the period is Saturday, the period runs until the next day that is not a Sunday or a legal holiday – Monday, March 30 in this case.  Defendants filed their responses in timely fashion on that date.

Plaintiff's post-argument letters to the Court.  (Docket Nos. 38, 40, and 41.)

The Court, on its own motion, **STRIKES** the letters, which contain argument, as not permitted by the federal and local rules.  The letters are additional briefs, and the Court has not granted leave for the filing of such briefs.

Plaintiff's motion to expedite. (Docket No. 42.)

The motion is **DENIED** for reasons stated by the Court with regard to Plaintiff's earlier motions to expedite, Docket Nos. 10 and 26.

## Dispositive Motions

The Rule 12(b)(4) and (5) motion to dismiss filed by Defendant WFUBMC.  (Docket No. 11.)

Defendant WFUBMC moves to dismiss this action for insufficient process and insufficient service of process upon that Defendant.[1]  Review of the filings in this case demonstrates that process has not served, or even attempted, upon Defendant WFUBMC or any Defendant other that Beth M. Gianopulos.  *See* Docket Nos. 4, 5, and 7.  This is true despite the Court's Order of December 15, 2008, permitting Plaintiff Kaminsky to proceed

---

[1]  WFUBMC contends that the only summons issued in this case has been for Defendant Beth M. Gianopulos, and therefore other named Defendants have not been served with process.

*in forma pauperis*. (Docket No. 4.) As a part of that Order, the Court directed Plaintiff to prepare and deliver to the Clerk a correct summons for service on *each* Defendant, including the correct address and the name and title of the individual to be served on behalf of any corporation. From the record, it is clear that Plaintiff returned a summons for Defendant Gianopulos only. That summons, as it appears as Docket No. 6, can obviously not be effective as to any Defendant other than Beth M. Gianopulos.

Pursuant to Fed. R. Civ. P. 4(c)(3), the Court must order the Marshal to make service of process when a plaintiff, such as Plaintiff Kaminsky, is granted leave to proceed *in forma pauperis*. Of course, a plaintiff may be required to furnish addresses for service of process, as was required in this case by the Order of December 15, 2008. While Plaintiff Kaminsky has failed to provide proper summonses for all Defendants, the Court remains under a duty to assist Plaintiff with regard to service of process in view of his *pro se* status and the granting of leave to proceed *in forma pauperis*. Therefore, rather than recommending dismissal of the action as to the Defendants on the basis of inadequate service, the Court must take reasonable steps to see that service is effected on all Defendants properly before the Court in accordance with Rule 4(c)(3).

Therefore, **IT IS ORDERED** that within 20 days of this Order, Defendant Gianopulos, who has been served[2] and is before the Court, shall serve and file on the record,

_____

[2] Defendant Gianopulos challenges the adequacy of the service upon her, a largely moot point since the Court recommends dismissal as to her for failure to state a cause of action.

by way of answer to this inquiry made by the Court, a proper service address for Defendants WFUBMC and Dr. A.J. Garvin, M.D., to the extent such addresses are within the knowledge, information, and belief of Defendant Gianopulos formed after reasonable inquiry. *See* Rule 26(g). Within 30 days of the filing and service by Defendant Gianopulos of such information, Plaintiff shall submit to the Clerk a proper summons for Defendants WFUBMC and Garvin for service by the U.S. Marshal. If Plaintiff fails to submit summonses within the time allowed after address information is filed, this action may be dismissed as to those Defendants for Plaintiff's failure to prosecute and to comply with this Order. (The Court notes that Defendant Gianopulos would be excused from filing service addresses with regard to Defendants WFUBMC and Garvin if those Defendants were to elect to appear in this action, waiving service of process defenses.)

Accordingly, the motion to dismiss filed by WFUBMC should be denied at this time, without prejudice to renewal if Plaintiff fails to comply with the Order set out above.

The Rule 12(b)(5) and (6) motion to dismiss filed by Defendant Gianopulos. (Docket No. 13.)

On February 11, 2009, Defendant Beth M. Gianopulos filed a motion to dismiss Plaintiff's complaint against her on grounds that the complaint fails to state a claim upon which relief can be granted, and that she was served improperly at a business address rather than her home address.

-10-

Dismissal is proper under Rule 12(b)(6) where a plaintiff fails to plead a short and plain statement of the claim showing the pleader is entitled to relief. *Republican Party v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992). For the purposes of Rule 12(b)(6), the Court is not required to accept as true the legal conclusions set forth in a plaintiff's complaint. *District 28, United Mine Workers of Am., Inc. v. Wellmore Coal Corp.*, 609 F.2d 1083, 1085 (4th Cir. 1979). A plaintiff must plead "enough facts to state a claim for relief that is plausible on its face," as opposed to merely conceivable on some undisclosed set of facts. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007). Specifically, "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id*. at 555 (citations omitted).

Review of the Amended Complaint shows Plaintiff has made absolutely no factual allegations of retaliatory or discriminatory conduct by Defendant Gianopulos. Under these circumstances, it is apparent that the Amended Complaint fails to state any cause of action as to her sufficient to withstand application of the *Twombly* test. Accordingly, this action should be dismissed as to Defendant Gianopulos pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure and also pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii) since the legal claims against her are frivolous.

-11-

<u>Frivolity Review under 28 U.S.C. § 1915(e)(2)(B)(i) and (ii)</u>

The Court's review of the Amended Complaint shows that no factual allegations of discrimination or retaliation are set out with regard to Defendants Donna Hamilton and J.T. Moser.[3]  Accordingly, for reasons set forth by the Court in addressing the motion to dismiss filed by Defendant Gianopulos, all claims against Defendants Hamilton and Moser should be dismissed as frivolous.

## **Conclusion**

For reasons set forth above, **IT IS RECOMMENDED** that the motion to dismiss filed by Defendant WFUBMC (Docket No. 11) be denied at this time without prejudice, that the motion to dismiss filed by Defendant Gianopulos (Docket No. 13) be granted in full, and, on the Court's own motion and frivolity review, that this action be dismissed as frivolous as to Defendants Hamilton and Moser.  Further, **IT IS RECOMMENDED** that Plaintiff's motion for summary judgment (Docket No. 19) be denied.

---

[3]Defendant Moser is mentioned only at page 11 of the Amended Complaint where it is alleged that Defendant WFUBMC has threatened that, if Plaintiff is found on the WFUBMC premises, he will be "arrested" for trespass by J.T. Moser.  This is not an allegation of a past act of discrimination or retaliation by J.T. Moser.

Finally, **IT IS ORDERED** that non-dispositive motions be determined as set out in the body of this Order.

_____/s/ P. Trevor Sharp_____
United States Magistrate Judge

Date:  September 30, 2009