IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

DR. RICHARD A. KAMINSKY,           )
                                   )
            Plaintiff,             )
                                   )
       v.                          )     1:08CV882
                                   )
WAKE FOREST UNIVERSITY             )
BAPTIST MEDICAL CENTER,            )
DEPARTMENT OF PATHOLOGY,           )
DR. A. J. GARVIN, BETH A.          )
GIANOPULOS, DONNA H.               )
HAMILTON, and J. T. MOSER,         )
                                   )
            Defendants.            )

ORDERS AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

This matter comes before the Court on a number of motions filed by the parties, including (1) the motion to dismiss filed by remaining Defendants[1] A.J. Garvin and Wake Forest University Baptist Medical Center ("WFUBMC") (Docket No. 59); (2) Plaintiff's motion to strike the Defendants' motion to dismiss (Docket No. 65); (3) Plaintiff's motion to strike Defendants' reply brief in support of their motion to dismiss (Docket No. 69);

---

[1] All claims against Defendants Beth A. Gianopulos, Donna H. Hamilton, and J.T. Moser have previously been dismissed. *See* Order of November 5, 2009. Named Defendant the Department of Pathology is not a separate legal entity, but is a part of the Wake Forest University Baptist Medical Center, and rulings as to WFUBMC necessarily apply to the Department.

Plaintiff's motion for sanctions (Docket No. 71); and (4) Plaintiff's motion for judgment on the pleadings (Docket No. 74). All motions are ready for a ruling.

## The Amended Complaint

Plaintiff Richard A. Kaminsky, who proceeds *pro se* and *in forma pauperis* in this action, filed an Amended Complaint on December 8, 2008. (Docket No. 3, Am. Complaint ("Am. Compl.")) That document, by operation of Fed. R. Civ. P. 15(a)(1)(A), is Plaintiff's governing pleading in this action. The Court observes that the Amended Complaint is a rambling and disjointed document. It contains long passages of legal argument that are improper under Rule 8(a)(2), which mandates a "short and plain statement of the claim. . . ."

The Amended Complaint contains both a "Causes of Action" section and a portion entitled "Claims." In narrative style under "Causes of Action," Plaintiff Kaminsky refers to "serial violations" by Defendant [sic] "concerning failure to hire and/or rehire due to discrimination against Plaintiff against record of having a disability, age and his religious beliefs of being able to obtain divorce while employed at a Christian medical center without work and/or career interference and/or interruption." (*Id*. at 2.) He claims retaliation in the refusal of Defendant to rehire him due to his past and present filings with the EEOC. He claims that the "actions and negligence of the Defendant have been and remain malicious in nature." He asserts that "the violations against Plaintiff's civil rights while employed by Defendant, such as tortuous [sic] interference with contract, hostile work environment, malice and general employment discrimination are not time-barred as the Defendant is still

discriminating against the Plaintiff . . . ." (*Id.* at 2-3.)  Plaintiff claims that Defendant has violated Titles VI and VII of the Civil Rights Act of 1964, the Americans with Disabilities Act of 1990, and the Age Discrimination in Employment Act of 1967.  Plaintiff's "Claims" portion of the Amended Complaint appears to present the same legal claims, with additional factual allegations.  (*Id*. at 3-4.)

Plaintiff includes a "Background" statement.  Therein he describes that he graduated from The University of Health Science College of Osteopathic Medicine in Kansas City, Missouri in 1998.  He was matched through the National Resident Matching Program with Defendant's anatomic and clinical pathology residency program.  While within Defendant's program, he also served as a Medical Examiner with the North Carolina State Bureau of Investigation.  He alleges that after he successfully completed 24 months of his residency with WFUBMC a residency certificate was issued by Defendant.  He then asserts that "Plaintiff was forced to transferred [sic] to a pathology residency program at Saint Louis University School of Medicine ("SLU") in July 2000." (*Id*. at 4.)  He says that he completed a third year of pathology residency and successfully completed examinations that allowed him to obtain full medical licensure throughout the United States.  He states that he needs only eight months of pathology training and a surgical pathology fellowship for the credentialing year to be "board-eligible." (*Id*. at 5.)

Plaintiff Kaminsky states that as a result of "being displaced" by the Defendant's residency program, and having encountered other problems, he was "forced to obtain

counseling from ("SLU") ("EAP") for hostility caused by hostile work environments [presumably at SLU] which led the Plaintiff to be forced to plead guilty to several misdemeanors that were charged him just to get out of jail because the bail was set at astronomically high amounts for minor, non-employment related, bogus charges by personnel work for or within that county court itself." (*Id*.) He states that "Plaintiff was never charged with a criminal charge or had a conviction before being displaced from the Defendant's pathology residency training program." (*Id.*) Plaintiff next asserts that Defendant tortuously [sic] interfered with Plaintiff's employment contract. There are few "match" positions for residents in pathology, causing a competitive environment. Plaintiff says that this leaves an employee "who is subjected to malice, very few alternatives." (*Id.* at 6.) He appears to assert that Defendant started him on a "downward spiral." He says that although Defendant has damaged him in these ways, "they are not legal reasons for failure to hire him now. . . ." (*Id.*) Plaintiff alleges that Defendant has failed to rehire him in its pathology residency program for discriminatory and retaliatory reasons.

Plaintiff further states in his "Background" allegations that his "cycle of problems" began with Defendant's unlawful employment practices that resulted in displacement from the pathology residency program. These problems followed him through defamatory letters-of-recommendation and word-of-mouth as both Defendant's pathology chairman, Dr. A.J. Garvin and SLU's pathology vice-chairman, Dr. Carole Vogler, "know each other through national pathology societies and committees." *(Id.* at 6-7.)

In his "Conclusion and Damages," Plaintiff states that Defendant's serial violations have damaged him over an eight-year period. He asks for damages to include: "damages to relationship of Plaintiff and his now fourteen-year-old daughter, loss of enjoyment of life, inconvenience, mental anguish, future pecuniary losses, compensatory damages, punitive damages, damages due to emotional pain and suffering, loss of wages front pay, loss of wages back pay, loss of benefits," and myriad other losses, along with attorney's fees incurred in this action.

**The Non-Dispositive Motions before the Court**

The non-dispositive motions before the Court may be addressed summarily. Plaintiff Kaminsky moves to strike Defendants' motion to dismiss (Docket No. 59) on grounds of *res judicata* and collateral estoppel. Plaintiff argues that a previous motion to dismiss filed by the Defendants was dismissed by Order of United States District Judge James A. Beaty on November 5, 2009. (Docket No. 48.) On review, the Court finds that Plaintiff's motion to strike should be denied. By the clear terms of Judge Beaty's Order, the previous motion to dismiss filed by Wake Forest University Baptist Medical Center was denied *without prejudice*. Therefore, the order can have no *res judicata* or collateral estoppel effect. Moreover, the earlier motion was based upon insufficient service of process, a defense not raised in the current motion to dismiss. Plaintiff's motion to strike the motion to dismiss (Docket No. 65) is **DENIED**.

Plaintiff's motion (Docket No. 69) to strike a reply brief filed by Defendants WFUBMC and Garvin as untimely is **DENIED**. The docket shows that Defendants filed a motion to dismiss on December 8, 2009. Plaintiff did not file a *response*, but instead filed, on December 11, a *motion* to strike the motion to dismiss (Docket No. 65). Defendants had *20 days* to respond to the motion to strike. *See* LR7.3(f). Defendants' "reply," Docket No. 67, which contains argument in response to the Plaintiff's motion to strike, was filed on December 28, well within the 20 days permitted for response by Defendants. In that response, denominated a "reply," Defendants noted that Plaintiff had failed to file a response to the motion to dismiss but had erroneously characterized his "response" as a separate motion. Plaintiff's counting of days for "reply" by Defendants overlooks this fact. Plaintiff never filed a "response" to Defendants' motion to dismiss but instead filed a new motion – a motion to strike – which then afforded Defendants with 20 days for response instead of 10 days for reply. In any event, striking Defendants' "reply" regarding the motion to dismiss would not change the result on the merits of the motion to dismiss.

Plaintiff's motions for sanctions under Rule 11(b) is **DENIED**. The motion is based partly upon an assertion that Defendants' counsel is delaying the case with untimely filings. The motion for sanctions is related to Plaintiff's motion to strike which is denied above. It follows that Plaintiff's motion for sanctions should be denied. Plaintiff addresses other arguments raised by Defendants in their motion to dismiss and asserts that these arguments are frivolous and are causing unnecessary delay in this action. This assertion is unfounded,

however, as is shown by the discussion below with regard to Defendants' motion to dismiss. Plaintiff's motion for sanctions (Docket No. 71) is therefore **DENIED**.

## The Dispositive Motions before the Court

Defendants move to dismiss Plaintiff's Amended Complaint upon the ground that all claims of that complaint are time-barred under the applicable statutes of limitations. On review, the Court finds that Defendants arguments are well-taken. The Amended Complaint should be dismissed as untimely.

The original complaint in this action was based upon allegations that Plaintiff was discriminated against for having a record of a medical condition, retaliated against, and not rehired for filing EEOC charges. (Docket No. 1, Complaint.) The Amended Complaint, which by its terms is said to add legal claims to those included in the original complaint, purports to state claims[2] for violations of Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act of 1990, and the Age Discrimination in Employment Act of 1967. All claims are based upon Defendants' alleged "serial" failure to hire and/or rehire Plaintiff in their pathology residency training program. (Docket No. 3, Am. Compl. at 2.)

---

[2] Defendants point out that Plaintiff's claims for age discrimination and religious discrimination fail to include factual allegations that could show the plausibility of such claims, and therefore, the claims are subject to Rule 12(b)(6) dismissal for failure to state a claim upon which relief may be granted. *See Ashcroft v. Iqbal*, 556 U.S. ___, ___, 129 S. Ct. 1937, 1949 (2009). Review of the pleadings shows that Defendants are correct in this assertion, but the more significant failure of the claims – one that could not be cured by amendment – is that they are irretrievably time-barred.

Title VII, the ADA, and the ADEA all require an employee to file a charge with the EEOC within 180 after "the alleged unlawful employment practice occurred." *See* 42 U.S.C. § 2000e-5(e)(1); 42 U.S.C. § 12117(a); 29 U.S.C. § 626(d)(1)(A). Additionally, each of the Acts requires that an employee file a civil action within 90 days of receipt of a notice of rights from the EEOC. *See* 42 U.S.C. § 2000e-5(f)(1); 42 U.S.C. § 12117(a); 29 U.S.C. § 626(e).

Plaintiff first filed an EEOC charge concerning his failure to be rehired into Wake Forest's pathology residency program on November 23, 2005. (Docket No. 1, Attach. to Compl.) In that charge, which was based upon alleged disability discrimination in violation of the ADA and retaliation for filing a previous EEOC charge in 2000, Plaintiff stated in conclusion that "I believe I [sic] neither rehired nor hired on the basis of a disability, in violation of The Americans with Disabilities Act of 1990, and also because I filed a previous EEOC charge in 2000 against the employer (Dr. Gavin) [sic]." Plaintiff explained that in October 2005 he sent a letter to Dr. Garvin requesting that he be readmitted into the program after he had transferred out in 2000. On October 18, 2005, Plaintiff received a reply letter indicating that upon Plaintiff's resignation from the program, his position had been awarded to another resident candidate and the only available position would be for entry level staff. (*See* Pl.'s Am. Compl., Ex. D.) Accordingly, Plaintiff's pleadings show that by October 2005, it was made unequivocally clear to Plaintiff that he had been denied readmission into Wake Forest's pathology residency program.

If follows from the above discussion that Plaintiff's November 2005 EEOC charge was timely filed. His notice of right to sue on that charge was given by the EEOC on December 13, 2005, thereby establishing his 90-day deadline for initiating a lawsuit at approximately March 13, 2006. Plaintiff did not file suit within that time period. Instead, he filed additional charges with the EEOC on April 11, 2006, June 29, 2007, and again on October 29, 2008, all describing an allegedly unlawful employment action – failure of WFUBMC to rehire him into the residency program. Progressively within these additional EEOC charges, Plaintiff added theories of discrimination, including religion and age, and outlined his subsequent communications with WFUBMC in which WFUBMC reiterated its original decision of October 2005 not to rehire Plaintiff. In each instance, the EEOC issued a dismissal and notice of rights, but Plaintiff did not commence this action until December 5, 2008. By that time, the employment action of which he complains – Defendants' failure to rehire the Plaintiff – was over three years' old.

The above narration of events demonstrates that Plaintiff's claims under Title VII, the ADA, and the ADEA, are all untimely by a wide margin. Plaintiff attempts to avoid this result by pleading and arguing that Defendants' refusals to rehire him were "serial" in nature and constitute a "continuing violation" of the relevant Acts. Unfortunately for Plaintiff, well established law is squarely against the Plaintiff on this point.

In *Delaware State College v. Ricks*, 449 U.S. 250 (1980), the Supreme Court reasoned that the proper focus, for statute of limitations purposes, is on the time that the discriminatory

acts constituting the alleged unlawful employment practice occur (and are communicated to the employee), not the time or times when the consequences of those acts are realized. Applying the teaching of *Ricks*, the Eleventh Circuit in *Burnam v. Amoco Container Co.*, 755 F.2d 893 (11th Cir. 1985) ruled that a failure to rehire an employee, after an alleged discriminatory discharge, did not constitute a new and continuing violation. The decision not to rehire was merely a consequence of the original decision. *See also Brewer v. Alabama*, 111 F. Supp. 2d 1197, 1207 (M.D. Ala. 2000)(failure to rehire and retaliation claims were time-barred and not separate discriminatory acts from original decision not to allow rescission of voluntary resignation).

In this case, it was clearly communicated to Plaintiff Kaminsky in October 2005 that he would not be readmitted to the WFUBMC residency program. His filing of additional EEOC charges against WFUBMC after he was denied rehiring on repeated requests, does nothing to extend the statute of limitations as to the alleged unlawful employment action of refusing to rehire him. In order to have complied with the statute of limitations on any claim in the Amended Complaint, Plaintiff Kaminsky would have had to have filed his complaint in this action within 90 days of dismissal of his November 2005 EEOC charge. He did not do so, and this action is accordingly time-barred under the binding authority of *Delaware State College v. Ricks*.

-10-

Case 1:08-cv-00882-JAB-PTS   Document 79   Filed 06/22/10   Page 10 of 11

No argument made by Plaintiff as to any claim in the Amended Complaint allows Plaintiff to avoid the applicable statute of limitations.[3] All of his claims should be dismissed with prejudice at this time.

### Conclusion

For reasons set forth above, **IT IS ORDERED** that Plaintiff's motion to strike Defendants' motion to dismiss (Docket No. 65), Plaintiff's motion to strike Defendants' reply brief (Docket No. 69), and Plaintiff's motion for sanctions (Docket No. 71) are **DENIED**. Further, **IT IS RECOMMENDED** that Defendants' motion to dismiss with prejudice (Docket No. 59) be granted and that judgment be entered dismissing this action as to all named Defendants. Plaintiff's motion for judgment on the pleadings (Docket No. 74) should be denied since Plaintiff cannot prevail on his claims.

       /s/ P. Trevor Sharp
    United States Magistrate Judge

Date: June 22, 2010

---

[3] Plaintiff argues that he has alleged a hostile work environment and this claim raises an issue of a "continuing violation." This argument fails under the allegations of the Amended Complaint. Plaintiff's claim is for a refusal to rehire; such a claim arises from a discrete act and the continuing violation doctrine does not apply. *See Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 114 (2002).